## WILLIAM W. CAIN ET AL. v. STATE OF MISSISSIPPI.

ROAD CONTRACTORS. *Criminal law. Indictment. Neglect of duty. Laws* 1900, *p.* 153, *ch.* 119, *sec.* 10.

     A road contractor is not punishable as for a misdemeanor, under laws 1900, p. 153, ch. 119, sec. 10, making it an offense to neglect duty in suffering the highway to be out of repair, for the nonrepair of the road before he has had time or opportunity to put it in good condition.

FROM the circuit court of Holmes county.

HON. WILLIAM F. STEVENS, Judge.

Cain and Ammons, appellants, were indicted at the November term, 1902, of the circuit court of Holmes county, under laws 1900, p. 153, ch. 119, sec. 10, as road contractors, for neglecting their duty. The indictment, omitting formal parts, was as follows : " William W. Cain and Mike Ammons, in said county, on the 1st day of November, A. D., 1901, being under contract to keep in good repair and condition the public road No. 70, did willfully and unlawfully neglect said duty, and permit said road to be in bad repair and condition, contrary," etc. They were tried, convicted and sentenced by the court below and appealed to the supreme court. A demurrer to the indictment was overruled in the court below, and this was assigned for error in the supreme court.

*Noel & Pepper* and *H. H. Elmore,* for appellants.

It cannot be that a road contractor is required by law to do the impossible—that is, to have the road in good condition every day in the year, in spite of freshets and weeks of rain, with freezes now and then. Therefore the indictment should have stated for how long the road was in bad repair. The

---

---

contractor cannot prevent washouts, and must have a reasonable time to get to his roads and mend them. "Neglecting to keep a road in good repair and condition" is no more specific than "neglecting his duty." If anything it is more general; for the law will not impose an impossible thing, even where the promisor undertakes and contracts to perform it.

*Monroe McClurg*, attorney-general, for appellee.

TERRAL, J., delivered the opinion of the court.

To constitute a criminal neglect of duty by a road overseer, under our present laws, it is necessary not only that the indictment allege an appointment of the accused as such overseer, and a notice to him thereof, but also that, after such appointment and notice, he suffered his link of road to remain out of repair for more than ten days at one time, unhindered by extreme bad weather or other unavoidable cause. As to an overseer, therefore, he would not be indictable, except for such neglect of duty as he by diligence might have prevented; and it is not reasonable to be supposed that the legislature, in respect to the same duty by road contractors, would impose a greater burden upon the latter than upon the former. To make a road contractor punishable for the nonrepair of his road before he had time or opportunity to put it in good condition would work inconvenience, and *nihil quod est inconveniens est licitum*. The indictment is defective, and the demurrer to it should have been sustained.

*Reversed and remanded.*